# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mario M.L., | Case No. 26-cv-1467 (KMM/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

---

This matter is before the Court on Petitioner Mario M.L.'s Verified Petition for a Writ of Habeas Corpus. (Dkt. 1.) For the reasons that follow, the petition is granted.

## BACKGROUND

The facts alleged in the petition are undisputed. (*See* Dkt. 5.) Mario M.L. is a citizen of El Salvador who resides in Waseca, Minnesota. (Dkt. 1 ¶ 14.) He has lived in the United States for approximately twenty years. (*Id.*) Nothing in the record suggests that he has any significant criminal history.

On February 12, 2026, while Mario M.L. in a car with a companion, individuals who stated that they were not with Immigration and Customs Enforcement (ICE) stopped the vehicle and contacted ICE agents. (*Id.* ¶ 16.) ICE agents arrived shortly thereafter in another vehicle, and they asked Mario M.L. for "papers and seized his cell phone." (*Id.*) Mario M.L. then saw the ICE agents provide some form of payment to the individuals who stopped his vehicle. (*Id.*) The ICE agents did not provide Mario M.L. with any form of a warrant at the time of his arrest. (*Id.*; *see also* Dkt. 5 at 2.)

1

Mario M.L.'s counsel filed the verified habeas petition on February 17, 2026 alleging that he was being detained in violation of the laws of the United States. (Dkt. 1.) At that time, he was being detained in the Sherburne County Jail in Elk River, Minnesota. (*Id.* ¶ 13.) Mario M.L. asks the Court to order Respondents to release him from custody inside the State of Minnesota and at a safe time and place communicated in advance to his counsel. Further, he requests Respondents be required to return all of his possessions seized upon his arrest and prohibited from imposing upon him any conditions of release. (*Id.*, Prayer for Relief ¶¶ 3, 5–6.) Alternatively, he asks the Court to require Respondents to hold a bond hearing. (*Id.*, Prayer for Relief ¶ 4.)

The same day the petition was filed, the Court Ordered Respondents to Show Cause why the petition should not be granted. In particular, if Respondents take the position that there was an administrative warrant for Petitioner's arrest, the Court required Respondents to provide specific information via affidavit or declaration about such a warrant, including whether the warrant was issued before or after Petitioner's arrest. (Dkt. 4.) Respondents filed their Response to the petition on February 20, 2026. In it, Respondents acknowledge that this case is like others that this Court has previously resolved in recent months while ICE's immigration enforcement efforts in Minnesota have intensified. In addition, Respondents assert the following regarding the Court's requirement that they provide specific information concerning any warrant:

> ICE contends that the arrest was made pursuant to an administrative warrant, a copy of which the agency provided to the Federal Respondents' undersigned counsel. However, ICE did not provide a supporting affidavit or declaration addressing the date the warrant was issued, the time of day the

2

> warrant was issued, whether the warrant was issued prior to Petitioner's arrest, or the identity and responsibilities of the individual who issued the warrant. … Accordingly, the Federal Respondents are not filing the warrant or making substantive arguments about it, and they respectfully request that the Court decide this matter on the current record.

(Dkt. 5.)

## DISCUSSION

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. In their response to the petition, Respondents implicitly assert that Mario M.L. is subject to detention by ICE under 8 U.S.C. § 1225(b)(2)(A). (*See* Dkt. 5 at 1 (referencing other cases addressing that issue).) This Court has previously held that, because aliens residing within the United States are not "seeking admission" within the meaning of § 1225(b)(2)(A), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Additionally, although

the Fifth Circuit just agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4–10 (5th Cir. Feb. 6, 2026), *with Castañon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Respondents also note that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025).

Although the Court has considered the arguments raised by Respondents, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Mario M.L. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. Respondents have not provided any evidence to show that Petitioner was arrested pursuant to a "warrant issued by the Attorney General." *See* 8 U.S.C. § 1226(a). Indeed, the Response shows that ICE is unable or unwilling to provide the evidence to the Court necessary to support ICE's apparent claim that a warrant was issued (at some point) for Mario M.L.'s arrest.[1] "Section 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711

---

[1] The Court appreciates the forthright response from Respondents' counsel concerning the warrant issue.

(ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (quoting 8 U.S.C. § 1226(a)). The issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a). *Id.* (citing cases). In *Ahmed M.*, the petitioner had been arrested without any such warrant having been issued and, therefore, the appropriate remedy was immediate release rather than a detention hearing. *Id.*; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (D. Minn. Jan. 12, 2026) (Order (Dkt. 8)) (same). The same is true here. Respondents point to neither a warrant supporting the applicability of § 1226(a) to Mario M.L., nor any other statutory basis for a bond hearing, so immediate release is required.

ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Mario M.L.'s Verified Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Mario M.L. in Minnesota **without imposing any conditions and no later than 12:00 p.m. on February 21, 2026**.

4. Upon Mario M.L.'s release, Respondents must return **all of his personal effects seized during his arrest, including but not limited to immigration paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.

5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 20, 2026                    _s/Katherine M. Menendez_
                                           Katherine M. Menendez
                                           United States District Judge